Next case is number 097104, Chester R. Gaston against the Secretary of Veterans Affairs, Mr. Carpenter. May it please the court, Kenneth Carpenter, excuse me, Kenneth Carpenter appearing on behalf of Mr. Chester Gaston. There are two issues in this case, your honor. The second issue is dependent upon the first issue. The first issue deals with the question of whether or not under 38 CFR 3.340A a separate basis is provided. What difference does that make? I don't understand what difference that makes. The difference that it makes is that if in the one-year look-back window he is eligible for an increased rating based upon unemployability, then he would be eligible for that one-year look-back. He's already been granted. Does it make whether it's under one provision or the other? Well, according to the court, there was, the court below, there was no error in the board failing to consider whether or not he qualified for that one-year look-back under 3.340A. That's because the condition arose more than one year prior, right? That's correct, your honor. And that evident, that, it then goes. How do you get out from under that by saying that it's under one regulation rather than the other? Well, you have to get to that in order to establish that you are eligible in that one-year look-back to rely upon evidence that was not actually produced in that one year, but rather evidence in this case from the Social Security Administration that demonstrates that he was in fact totally disabled. I don't understand what you're talking about. I'm sorry. Okay, the one-year or the factually ascertainable interpretation. Do you agree with the interpretation of the statute that you only get the benefit of the one-year look-back if the condition arose during the one-year period before the filing? Not if it arose, but if it existed. It doesn't, in your view, it doesn't have to arise. Oh, absolutely not, your honor. There simply has to be. How do you get around the language? Well, because the language simply says that it has to be ascertainable that an increase occurred. That increase could have occurred, as it did in this case, in years prior to that date, but was in fact present and continuing and therefore was factually ascertainable in that one year. The Social Security records clearly demonstrate that back in years prior to the one-year look-back window, the veteran was unable to work due to his service-connected disability from post-traumatic stress disorder. Wouldn't your construction of ascertainable make the one-year look-back period available to everybody? Who would be excluded under that? Why is anybody excluded, your honor? Well, in other words, the one-year look-back, as I understand it, is an exception to the general rule that you go from the date of the application. Correct. So we're saying, depending on how you read the term ascertainable in the whole statute, we're saying that there is an exception to that. Correct. For certain cases. Now, if you've got someone who has had an injury that's been unchanged for 10 years or 20 years, I think under your construction, you would say, it could be ascertained within that one-year period that they are entitled to a higher rating or whatever and therefore they get the one-year look-back, right? That's correct. The only people that wouldn't get that is a person who actually suffered the injury on the day or about the day that they filed their application, correct? Well, it's not really a matter of suffering because in this context, we're dealing with a condition that has already been determined to be service-connected. I understand, but with respect to that group of people, I don't see how there would be anybody who would be limited to the date of their application. Maybe I'm missing something. Well, and quite frankly, Your Honor, I don't see any reason that anyone should be limited. This is intended by Congress to be an exception to the general rule that the date of everyone who is service-connected should not benefit from that one-year look-back. From the exception, but that's an odd exception if it applies in all cases. Well, I mean, it's an odd notion to say that. The way that 5110B2 is written, it is the exception because 5110A says, unless otherwise provided, and the otherwise provided is in 5110B. And they're giving everybody a one-year look-back as long as the condition existed one day or 20 years earlier, right? That's correct. As long as it is factually ascertainable that it did exist, that there was a deadline. Well, it's not factually ascertainable. You lose your case. I'm sorry? By definition, all cases in which you ultimately win are going to be cases in which the condition is factually ascertainable because it has to be ascertained in order for you to know whether or not you are limited to evidence that is created within that one-year window. And that seems to be an unnecessarily restricted interpretation of the benefit that was clearly contemplated by Congress to allow for that. For example, by analogy in Social Security, when you apply for benefits in Social Security, if you were unable to work before the date of your application, you're entitled to go back six months. That's just an aberration of the way in which Congress chose to write that. I'm sorry? Suppose we scrub out of the statutory language the reference to ascertainable, which is a little confusing. It just says earliest date at which increase in the disability occurred. Would you reach the same result under that language as you do under the language that's in the statute? I believe you would, Your Honor, because the goal is to determine whether or not that which the increase was sought for existed in that one-year look-back window. Whether it existed 18 months or even 18 years before that date is simply not pertinent. What is pertinent is that you asked on date one and the condition your argument seemed to me would have more force if the statute just said the compensation shall be the date as of which it is ascertainable as opposed to what it does say, which is the earliest date at which it is ascertainable. If your condition has remained the same over, let's say, the previous five years before the application, it's hard to say that the in which the aggravation of your condition could be ascertained occurred within that one-year period, isn't it? Well, I don't think so, Your Honor, because that earliest date is, in fact, qualified by the statute itself, which is limited to one year. Regardless of what the earliest date is, the only time earliest date becomes relevant is if it didn't occur until, say, six months within that one-year window, and then the earliest date would have been six months before the date of application rather than 12 months. Why is it unreasonable, particularly in this system, to allow a disabled veteran the opportunity to demonstrate by evidence that his or her condition existed at the same level of severity in that full one-year period, therefore the earliest date was prior to the one-year period, but nevertheless had occurred, that increase had occurred, taken place in that one year before? And that simply makes them eligible for one year's additional benefits. That's the intent of 5110b2, and it's the same intent in the regulation as written by the VA in this case. You know, from everything that I can see, the interpretation that you're giving us would reflect a sound public policy, but it's difficult to square that with the language which seems to be so different. It doesn't say, for instance, that if the increase in disability arose within the last year, it is presumed to have existed for the previous year. It doesn't even say that it's presumed to go back to the first day on which you say that it arose. All it says is that you could go back up to a year, provided it arose within this year, and the silence as to saying that if you had the disability for more than a year, and can prove an earlier date of more than a year, you get one year's retroactivity is a different concept, and it's a concept that one sees in other provisions of the statute. And so I think one would have to either say this is what they really meant, and we'll fix it, or the alternative, which is the government's position. They didn't say so, and you can't have it. And it seems to be such a clearly different interpretation of the statute that it left me wondering why was there silence on this point if, in fact, the intention was, as you say, that you can go back a year if you've had it for more than a year. Well, Your Honor, I think the only way to explain that, and I agree that this language is very difficult to both understand and figure out how to apply, but to me the way to look at it is to read 5110 A and B together, and the critical phrase in 5110 A is that the effective date shall be determined based upon the facts found. And it doesn't give any limitation to those facts, and the interpretation that's being offered by the government is that no, somehow the veteran must be develop evidence about the increase that took place in the one year prior. Well, you're simply not eligible for that one year look back until there's a grant. The fact that you file it on day one does not mean that the VA is going to grant it as of day one. They may grant it six months in the future. I don't understand that argument. What it means is when the veteran gets service connection, then the question arises did the condition that led to the service connection arise within the last year, or did it arise earlier? That's a perfectly sensible construction of the statute. Indeed, it's hard to read the statute any other way. Except, Your Honor, that analysis is as though this were the original determination. This is not an original determination. This is part of the ongoing assessment of the degree of disability, and disabilities are by their nature fluid and do not necessarily lend themselves to the particularity of when a person files an application or when the veteran knows that they would be eligible for an increase in their rate of compensation. This veteran, in fact, was eligible when Social Security awarded that benefit earlier as of 1994. The fact is that he delayed for years. Now he's being punished for that delay because of an interpretation of the statute that treats it as though this were the first application. This is not the first application for service connection or for compensation. This is for the alternative, which is what is the appropriate rating and was there an increase in that level of disability. And that increase is first analyzed prospectively and then is analyzed retroactively. But it doesn't become analyzed retroactively until it's awarded. Does the same language appear in the section of the statute dealing with initial disability determinations? No, initial disability determinations are controlled by the date of the application. There's no look back. There's no look back. It's date of application. If you had the injury and you had a disability immediately following service, but you waited 10 years to make your application effective, it's the date of the application. But if you wait one year, it's retroactive to the date of leaving the service. That's correct, Your Honor. There is an exception for the filing within one year of the date of service. And that's why I went out 10 years. That specific exception exists in the statute. That's correct. Is one of the reasons which causes concern that this is stated differently as if that was not intended? And what I'm suggesting, Your Honor, is that there is one category of cases that deals with the date you assign for the award of service connection, the original grant. This under B deals with claims involving increased compensation, where during the course of the period of time in which the veteran is under the disability, the veteran has the opportunity to make application for additional compensation. And if granted, and granted from the date of the application, then there is under 5110B a one-year look-back window. And the question becomes, is the evidence limited to the production or creation within that one year? Well, let's hear from the VA. We'll ask them the same questions. Ms. Kidmiller. And particularly, is there a policy reason underlying this rigorous interpretation that is before us? May it please court? Yes. Yes, there is, Your Honor. Congress made a decision in 1975 to depart from this longstanding general rule that had been in existence since the time of the Civil War, that the award, effective date of an award, is not any date prior to the date of the claim. Congress had already recognized an exception that is found in Part B3 of the statute currently for pensions and sought to- But this is an increased disability rather than the rule as to what your date is when you apply it the first time. Yes, Your Honor. And Congress recognized that when a veteran who, as this class of veterans is, is already service-connected with a disability, and that disability increases in severity, that it may be difficult for the veteran to be able to file a claim for increase in a very timely fashion. So Congress said, we will give a one-year grace period and bring this rule for alignment with the same thing that it had already done, establishing a one-year grace period for pensions and for other types of claims. But that makes sense. But suppose that the increase is gradual over several years. Why should Congress then have intended to prohibit the benefit of the last of those years? I don't believe that that would have been Congress's intent. But that's the interpretation that we have here. I don't believe- That you get no retroactivity if the increase became manifest more than a year before the request. Yes, but as to the question of an increase that may be gradually getting worse over the years, at various points in time, when the veteran believes that an increase in the severity of the disability has occurred, the veteran can file a claim for increase and has one year to do so. Specifically responding to your honors question about the veteran who has a disability that just keeps getting worse over time, that's absolutely a situation where the veteran can file a claim and benefit, assuming that it's filed within one year. Every year, we've got millions of veterans who have in the forefront of their mind that there's a limit that they have to be aware of? Well, in this particular class of veterans, by virtue of the fact that they're already service-connected and presumably, they're obviously receiving benefits, and in many cases are in situations where they're frequently visiting VA medical centers and interacting with doctors. This is actually a much more liberal rule than that that applies to veterans applying in the initial claim situation, where a veteran might be completely unconnected from the VA benefit system for 20-odd years and only discover at the end of that 20 years that benefits exist and that the veteran can apply for those. So let's take a hypothetical. Suppose in 2000, the veteran's disability increases by 50% and that in 2001, it increases by another 50% and then he files in 2002. What's the look-back given? Only the amount of the increase that happened within the one year of the filing? The ultimate award of benefits would try my hypothetical. Yes, I'm attempting to. The VA would begin with the date of the claim and look back to see whether there had been an increase during the one year prior. Which is true in Judge Dyke's hypothetical. Yes, and then if the VA found that there had been such an increase, the veteran would then be awarded benefits. Let's say there had been an increase from 50% to 75% to 90%. The ultimate award of benefits would be at 90%. Given that increase per Judge Dyke's hypothetical, the last stage of that increase occurred within the one year period, then I take it that the veteran would get 90% all the way back to the beginning of that one year period, correct? For the one year period, yes, Your Honor. Even if he went up to 90% by hypothesis in the last month of that one year period. Oh, well, no. Then in that case, the statute would tie it then to that one month would be the earliest date as of which it was ascertainable. Sorry if I misunderstood. Okay, but if you make it easy and you say that he went from 50 to 100 on the 1st of January of 2000 and then he applied on the 31st of December of 2000, he gets 100% for the entire look back year. Yes, Your Honor. But if he waits until the 1st of January of 2001 to apply, he gets nothing for that year. He gets nothing retroactive, right? He gets nothing retroactive. Yes, Your Honor. He'd get 100% going forward. That's what I want to be clear about. So if it's a year and a day and then nothing happens thereafter, there's no retroactivity. But if it's a year or a year minus a day, there's one year retroactivity. Yes, Your Honor. And I think it's important to note that... It's mysterious, is it not? I mean, do we have to attribute a deliberate congressional intent to that or simply failure to consider this specific fact situation in the context of a larger policy? Your Honor, I don't believe it's mysterious at all, and that is exactly what the legislative history shows that Congress intended. But what's mysterious is what seems to be a very curious disparate treatment for a very minor difference in disability. Well, Congress has selected the one-year grace period. And of course, by virtue of whatever time period Congress selects, there are going to be people who fall right outside the cutoff for that particular period. It's just the nature of a time limitation and how it works. But in the legislative history here, a Senate committee specifically included a letter from the VA discussing the fact that this one year was considered to be a reasonable amount of time. And moreover, it is consistent with the one year that is allowed under the other parts of 5110. And notably in this case, Mr. Gaston had a claim pending in the 1995 time period, the same time at which the Social Security Administration made its determination that he was disabled. The board opinion in this case points out that VA considered the underlying evidence that Social Security had also considered, but found that it did not indicate an increase in the severity of the illness. That was then the result of a 1996 board opinion, which was not appealed and became final. So we don't have a situation of that sort of inequity in this case. VA has considered the same underlying records, but nonetheless found as a matter of fact, which is unreviewable in this court, that the first increase was in 1999. And it accordingly assigned the effective date as the date of the claim. I want to come back to my hypotheticals. I'm not sure what your answer is to that. That within the one year period, there was an increase in the disability, but the major increase in the disability occurred outside of the one year period. Do you understand what I'm saying? Earlier than the major? Earlier than the year. Yeah, there was a, let's say he originally had a 20% in two years before the filing of the claim, that 20% increased to 50%, but then within the one year period, it increased from 50% to 60%. Let's assume that, okay? Yeah. The retroactivity gives him what? Just the increase that occurred within the one year period, or can he get retroactivity with respect to the entire increase? Just the increase that occurred within that one year period. And that is from the statutory language that ties the earliest date as of which an increase has occurred. And in Your Honor's hypothetical, we have two such dates to look at, but then the latter part of the statute restricts if a claim is then filed within one year. So in Your Honor's hypothetical, the VA would just look at that increase, the second increase to 60% and not limit the veteran to benefits award as of the date of the claim, but would make it retroactive. I understand what you're saying. It just seems to me that these calculations are very difficult because as Mr. Carpenter points out, these things there isn't usually a sudden increase in the disability, it's gradual. So it seems to me it becomes extremely difficult to figure out how much of the increase in the disability occurred within the one year period, if it's a continuum. Right. And in some cases, granted, it will be very difficult, which is why- I'm confused. I had thought I understood from your earlier answer how this system worked. Setting aside for a moment the problem of an point within a year, but if you just take somebody that starts off in 1990 at 10% and goes up to 60% by 1998, let's say, and then during the next year, in the course of the next year of that increase, doesn't the person just start getting 80% at that point? And therefore, whatever happened prior to the one year look back is irrelevant? When your Honor asks about whether the veteran starts getting the increase at that point, do you mean- Well, in other words, at the point, he makes his application. Now, isn't it the case, if he has filed an application within one year of some degree of final degree of aggravation, that he gets whatever his ultimate number is? If it's 80%, he gets 80% as of the date of his application, plus 80% going back to a year before, if he filed his application within one year of his going, taking the last step towards 80%. That's the way I thought it worked. Am I wrong about that? I don't believe so. Under the statute, the VA would give a medical examination in most of these cases and would attempt to determine the earliest date as of which an increase had occurred. And so, if that increase occurred eight months prior to the filing of application, because that's within the one year period, then that eight month mark can be set as the effective date for the award of the 80%. I think you've given Judge Bryson and me different answers. And I'm confused as to which really represents your thinking. Well, and I apologize for that. I don't want to do that at all. If a- We're dealing with a situation in which there was a 10% disability years ago. Two years before the filing of the application, it increased to 50%. And then within the one year, it increased to 60%. Does he get retroactivity for the 10% increase? Or does he get retroactivity for the entire 50% increase? 60. 60, whatever. He gets an award of 60% as of the date that that increase occurred. Even though most of the increase took place in earlier years. Yes, Your Honor. That's the answer you gave me. And I had the impression that that was the way the rules worked. Right. Because if the hypothetical is assuming that the veteran has been service-connected and is receiving the 10% disability benefits, that 10% keeps going forward. If there's a 50% increase in the severity, but the veteran does not file an application for increased benefits within one year, it remains at 10%. Then when the veteran has another increase, there's another opportunity to file within one year. Now, and in practice- He gets the entire increase, even though only a portion of that increase occurred within the one year period. Yes, Your Honor. To the extent that you mean he would get an award of 60%, wouldn't- Retroactive for the year. Even though only 10% of the, only a portion of the increase occurred within the one year period, because some part of it occurred within the one year period, he gets all of it. No, Your Honor. It would be retroactive to the earliest date at which that increase to 60% was found to have occurred. Well, but if you assume that the- If you assume that the, to make this simple, let's assume that every time there's an increase in severity, it occurs on the 1st of January of whatever year, and if that going from 50% to 60% occurred on the 1st of January, 1998, and he files an application on December 31st, 1998, he gets 60% retroactive for a year, correct? Yes, Your Honor. Okay. Even though only 10% of the increase occurred within that year. I apologize, I'm not sure that I understand that. He went from 50% to 60% during that year, but had gone from 10% to 50% three years earlier, but he still gets 60% going back a year, correct? Assuming that the 60% happened on January 1st. Right. No, no, no. Part of the increase occurred in earlier years. 10% of it occurred within the last year. You are saying that even though only 10% of the disability occurred within the year, he still gets a retroactive increase for the entire increase in the disability? Yes, Your Honor. The new award reflects the full 50%. Even though only part of the increase occurred within the year? Well, I think the hypothetical that I, as I understood it, was that the increase had occurred on January 1st. Increased from 50% to 60%. Part of it. And so the- Most of the increase occurred in earlier years, but a portion of it occurred within the last year. He gets retroactivity for the entire increase, even though most of it occurred in earlier years. Yes, Your Honor. What the veteran would not get would be some period of time prior to the one year look back, would not get additional benefits. Those would have continued at the original rate, say the 10% that the veteran started out with. Okay, so to complete the analogy then, if in fact the application is not made during that year, but the following February, then, and it is recognized that he now is 60% disabled, there is no retroactivity? That's right, Your Honor. Okay. If the application is not filed within the one year, the veteran can still be awarded an increase, but it will not be retroactive unless it's filed within a year after that increase. And of course here, again, the VA found that the increase, reviewing all of the facts, including the Social Security records, that that increase did not occur until 1999 and awarded the effective date. I have one other question for you. What do you understand as ascertainable to me? That you could go out and collect all the facts, and then it would be ascertainable or ascertainable from the facts within the possession of the VA? I believe I'd agree with the latter. And we agree with Mr. Gaston's position in his reply brief that it refers to evidence that is in the record, but that the veteran does have the benefit of the duty to assist so that it can include sending the veteran for medical examinations and some development of evidence, but essentially ascertainable is what is in the record before the VA. Of course, this case, of course, doesn't turn on. Those two answers are contradictory. Is it the information that's before the VA, or is it the information that could be developed by the VA? It's the information that is before the VA, and that includes information that the VA may assist the veteran in developing. Well, that sounds as though it's any information that could be collected if you did a full investigation. Well, within the constraints, I just want to make sure that it's to distinguish an interpretation that might say that would extend beyond what the duty to assist would require. But in this case, the key evidence that ultimately established Mr. Gaston's eligibility to TDIU was a VA examination that post-dated his claim. So, there he claimed the increase. Well, you're saying it wasn't ascertainable until the exam took place? In some respects, yes. The board found that the first evidence of the increase here was later in 1999, but nonetheless gave Mr. Gaston the benefit of the filing date as his effective date. Okay. Okay. Thank you, Mr. Miller. Mr. Carpenter, you can have your full rebuttal. Thank you, Your Honor. It seems to me that we properly focused on what is, at least in my view, an arbitrary decision by the VA to limit the evidence that is considered. If the evidence is one day before the one-year look-back window, you can't consider it. And that just is simply an unreasonable interpretation of both the statute and the regulation. The fact that there is evidence ought to allow that evidence to be considered. In this case, the evidence was not considered because the VA said he didn't meet the scheduler requirements for IU. Therefore, he couldn't have qualified as a matter of law. And then they said that the was created before the date. Well, certainly it was created before the date of his application, but that is not a reasonable interpretation of either the statute or the regulation to prevent arbitrarily the board from considering this information. That doesn't mean that the board will agree with him that it was factually ascertainable that there was an increase. The question here is the ability, the right of the veteran to have all of the evidence that is of record considered in an examination of that one-year look-back window as to whether it was or was not ascertainable that the increase had occurred. Unless there's further questions. Thank you, Mr. Carpenter.